# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**MUKESH R. SHAH, M.D.,**

      Plaintiff,

-v-                                                  Case No.: 2:16-cv-1124
                                                          JUDGE GEORGE C. SMITH
                                                          Magistrate Judge Deavers

**METROPOLITAN LIFE INSURANCE COMPANY,** *et al.*,

      Defendants.

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Bifurcate the Bad Faith and Punitive Damages Claims against them (Doc. 32). Plaintiff opposes bifurcation of the merits of the trial, but does not oppose a separate trial phase for punitive damages should the jury find that punitive damages are appropriate. (Doc. 31). The briefing on this issue followed a discovery conference and Order issued by Magistrate Judge Deavers on June 20, 2017 (*See* Doc. 30). For the reasons that follow, Defendants' Motion to Bifurcate is **DENIED**.

### I.    BACKGROUND

This case was filed in this Court on November 28, 2016, following removal from the Franklin County Court of Common Pleas. (Doc. 1). Plaintiff then filed an Amended Complaint on March 10, 2017, including claims for breach of contract, declaratory judgment, and bad faith. Plaintiff's claims against Defendants are based on the alleged wrongful denial of disability benefits.

## II. DISCUSSION

During the discovery conference before Magistrate Judge Deavers, the parties raised the issue of bifurcation and further briefing on the issue was ordered. Defendants seek to bifurcate Plaintiff's bad faith claim based on judicial economy. Defendants argue that "litigation of the contract issue will eliminate the need to litigate bad faith." (Doc. 32 at 4). Further, Defendants argue that bifurcation is mandatory under Ohio law (Ohio Revised Code § 2315.21) and the Ohio Supreme Court's decision in *Havel v. Villa St. Joseph*, 131 Ohio St. 3d 235 (2012). However, this case is pending in the United States District Court for the Southern District of Ohio, which is governed by the Federal Rules of Civil Procedure. Specifically, Rule 42(b) of the Federal Rules of Civil Procedure, which provides for bifurcated trials "for convenience, to avoid prejudice, or to expedite and economize." Plaintiff asserts that neither the discovery nor trial on the merits should be bifurcated. Plaintiff stated that Defendants have not offered a compelling reason for bifurcation. (Doc. 31).

Rule 42(b) therefore authorizes a court to bifurcate a trial in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy. Bifurcation is the exception to the general rule that disputes should be resolved in a single proceeding. *See, e.g., Monaghan v. SZS 33 Assocs., L.P.*, 827 F. Supp. 233, 246 (S.D.N.Y. 1993); *Lis v. Robert Packer Hosp.*, 579 F.2d 819, 824 (3d Cir. 1978). A decision on bifurcation should be grounded in the facts and circumstances of each case. *See Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996). The ultimate decision to grant or deny bifurcation is left to the sound discretion of the trial court. *Id.* In determining whether separate trials are appropriate, the court should consider several facts, including "the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy."

*Wilson v. Morgan*, 477 F.3d 326, 329 (6th Cir. 2007) (quoting *Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997)). Federal courts have long adhered to the rule that bifurcation should be ordered only in exceptional cases because "[t]he piecemeal trial of separate issues in a single lawsuit or the repetitive trial of the same issue in severed claims is not to be the usual course." Wright & Miller, *Federal Practice and Procedure* § 2388, at 474 (2nd Ed. 1999); *see also Home Elevators, Inc. v. Millar Elevator Serv. Co.*, 933 F. Supp. 1090, 1091 (N.D. Ga. 1996).

Merely because the Ohio Supreme Court has interpreted Ohio Revised Code § 2315.21(B) to provide a "substantive" right to bifurcate, does not require federal courts to reach the same conclusion. This Court previously held that "[a] state's characterization of its own rule as 'substantive' instead of 'procedural' must 'yield to the strong presumptive validity of the properly promulgated federal procedural rule, which will be upheld as controlling the procedure in the federal court.'" *Patel Family Trust v. AMCO Ins. Co.*, Case No. 11-cv-1003, 2012 U.S. Dist. LEXIS 97412 at *4 (Frost, J.) (citing *Rosales v. Honda Motor Co.*, 726 F.2d 259, 262 (5th Cir. 1984)). Accordingly, this Court and other federal courts have found that Rule 42(b) of the Federal Rules of Civil Procedure controls the issue of bifurcation in federal cases despite the existence of a state law or rule purporting to substantively govern bifurcation.

Defendants have not provided a sufficient basis to establish the necessity of bifurcation in this case. Therefore, the Court finds that it would be inconvenient and inefficient to bifurcate the trial as the evidence presented will be relevant to all of Plaintiff's claims, including the bad faith claim. Although, Plaintiff does not oppose a separate trial phase for punitive damages should the jury find that punitive damages are appropriate, to avoid any delay in the resolution of this case,

the parties should be prepared to proceed with the punitive damages phase, if necessary, following the jury verdict.

## III. CONCLUSION

For all of the foregoing reasons, the Court **DENIES** Defendants' Motion to Bifurcate the merits of Plaintiff's claims, but by agreement of the parties, a separate trial phase for punitive damages will be held should the jury find that punitive damages are appropriate.

Magistrate Judge Deavers will address any remaining matters related to discovery consistent with this Opinion and Order.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**