IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MUKESH R. SHAH, M.D.,**

    **Plaintiff,**

                                          Case No. 2:16-cv-1124
                                          Judge George C. Smith
    v.                                       Magistrate Judge Elizabeth P. Deavers

**METROPOLITAN LIFE INSURANCE
COMPANY,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants' request to bifurcate discovery regarding the issues of bad faith and punitive damages from the underlying coverage determination. (ECF No. 32.) Plaintiff, Mukesh R. Shah, M.D., opposes the request to bifurcate discovery. (ECF No. 31.) For the reasons that follow, Defendants' request to bifurcate discovery is **DENIED**.

**I.**

In 1991, New England Mutual Life Insurance Company ("New England Mutual") issued an individual policy of disability income insurance to Plaintiff ("the Policy"). (Amended Complaint, ¶ 5, ECF No. 13 ("Am. Compl.").) Defendant, Metropolitan Life Insurance Company ("Met Life"), assumed the obligations under the terms of the Policy. (*Id*. at ¶ 6.)[1]

---

[1] Defendant, The Paul Revere Life Insurance Company ("Paul Revere"), had an agreement with New England Mutual and then with Met Life, under which Paul Revere agreed to provide certain services on individual disability income policies issued by New England Mutual, including the administration of claims. (*Id*. at ¶ 7.)

Subject to certain terms and conditions, the Policy required Defendants to pay to Plaintiff benefits for loss due to "injury" or "sickness" until Plaintiff reached the age of 65. (*Id*. at ¶ 9.) Under a "Lifetime Total Disability Rider" endorsed to the Policy, and subject to certain terms and conditions, the Policy obligates Defendants to pay benefits to Plaintiff for loss due to "injury" or "sickness" after Plaintiff reached the age of 65 until death. (*Id*. at ¶ 10.) Subject to certain terms and conditions, the "Lifetime Total Disability Rider" obligates Defendants to pay a maximum monthly amount due to "injury," but obligates Defendants to pay Plaintiff only "a fraction" of that amount if Plaintiff's disability is due to "sickness." (*Id*. at ¶ 11.) Specifically, if a loss is due to "sickness," Plaintiff's benefits would be reduced by 60%, a difference of $8,400 per month beginning at age 65. (*Id*. at ¶ 21.)

On or around September 12, 2013, Plaintiff, an interventional cardiologist, became disabled due to pain in his shoulders and cervical spine. (*Id*. at ¶¶ 16–17.) Thereafter, Plaintiff gave notice of his condition and claim under the Policy to New England Mutual to which Defendants advised they had assumed all duties under the Policy. (*Id*. at ¶¶ 18–19.) On June 5, 2014, Defendants notified Plaintiff that his claim for Total Disability Benefits was approved due to cervical spine neuropathy and shoulder pain. (*Id*. at ¶ 20.) On December 1, 2014, Defendants notified Plaintiff that they classified his condition as a "sickness" rather than an "injury," significantly decreasing the monthly benefits Plaintiff was to receive. (*Id*. at ¶¶ 21–23.) After Plaintiff requested a review of that decision by an Appeals Specialist, Defendants notified Plaintiff that the decision that his condition was due to a sickness was correct. (*Id*. at ¶ 24.)

Plaintiff filed a Complaint in the Court of Common Pleas for Franklin County, Ohio, on September 12, 2016, and the action was removed to this Court on November 28, 2016, on the basis of diversity jurisdiction, 28 U.S.C. § 1332. (ECF No. 1.) On March 10, 2017, Plaintiff

filed an Amended Complaint, alleging that Defendants wrongfully determined that Plaintiff's disability was due to sickness in order to avoid paying Plaintiff the maximum monthly amount and asserting claims for breach of contract, declaratory judgment, and bad faith. (ECF No. 13.)

On June 19, 2017, the Undersigned conducted a discovery conference, by telephone. (ECF No. 30.) After the parties raised the issue of bifurcation, the Undersigned ordered further briefing. (*Id.*) Plaintiff takes the position that neither discovery nor trial on the merits should be bifurcated, but he does not oppose a separate trial for punitive damages. (ECF No. 31.) Defendants contend that the Court should bifurcate the bad faith claim and should stay discovery related to that claim. (ECF No. 32.) The assigned District Judge denied the request to bifurcate trials as to the bad faith claim, but agreed with the parties that a separate trial phase for punitive damages will be held if the jury finds that punitive damages are appropriate. (ECF No. 34.) The District Judge referred to the Undersigned any remaining matters related to discovery. (*Id.* at 4.)

**II.**

"Bifurcation is the exception to the general rule that disputes should be resolved in a single proceeding and should be ordered only in exceptional cases." *Woods v. State Farm Fire & Cas. Co.*, No. 2:09-cv-482, 2010 WL 1032018, at *1 (S.D. Ohio Mar. 16, 2010). The decision to bifurcate or stay discovery related to a bad faith claim is within the sound discretion of the trial court. *Periodontal Assoc. of Memphis, P.C. v. Peerless Indemnity Ins. Co.*, No. 16-cv-2751, 2017 WL 4122623, at *3 (W.D. Tenn. Sept. 18, 2017); *Excel Direct, Inc. v. Nautilus Ins. Co.*, No. 2:16-cv-446, 2017 WL 127480, at *1 (S.D. Ohio Jan. 13, 2017). In applying this discretion, the Court "must take into account the benefits and detriments to each party's interest which a stay would occasion, and it must take into account the Court's interest in reaching a just, speedy and efficient resolution of the issues raised by the pleadings." *Woods*, 2010 WL 1032018, at *3.

3

"However, a mere assertion of prejudice is insufficient—'a defendant must make a specific showing that the discovery will prejudice its defense.'" *Excel Direct, Inc.*, 2017 WL 127480, at *2 (quoting *Wolkosky v. 21st Century Centennial Ins. Co.*, No. 2:10-cv-439, 2010 WL 2788676, at *4 (S.D. Ohio July 14, 2010)). Finally, the "[t]he party seeking bifurcation has the burden of showing that concerns such as judicial economy and prejudice weigh in favor of granting the motion." *Id.* at *1.

### III.

Plaintiff has requested information that relates, at least in part, to his bad faith claim. (ECF No. 30 at 2.) In his brief addressing bifurcation, Plaintiff represents that he has served discovery requests "seeking to determine what conclusions persons working on Dr. Shah's claim have reached on similar claims; the specific methods of compensation and bonuses to these people (which clearly can motivate their in-house conclusions)." (ECF No. 31 at 2.) Plaintiff explains that he "seeks evidence to determine if Defendants had a pattern, practice or incentive to deny claims, like the Plaintiff's claim, without conducting reasonable investigations." (*Id.* at 4.) Plaintiff argues that this discovery is relevant to both the interpretation of the Policy as well as the alleged bad faith denial of full insurance coverage. (*Id.*)

Defendants contend that these discovery requests constitute a "fishing expedition" because Plaintiff fails to explain what a "similar claim" is or how any other insured's claim under a separate insurance policy impacts Plaintiff's own coverage under the Policy. (ECF No. 32 at 4.) Defendants argue that "[b]ecause the merits of Shah's bad-faith claim depend on the outcome of the coverage issue, it is reasonable for the Court to stay decision on the scope of permitted discovery on the bad-faith claim until the resolution of the coverage-related claims has been made." (*Id.*) Defendants therefore argue that the Court should stay discovery regarding

4

bad faith "until the coverage issue is resolved[.]" (*Id*. at 4–5 (citing *Tunnell Hill Reclamation, LLC v. Endurance Am., Specialty Ins. Co.*, No. 2:15-cv-2720, 2016 WL 3689100, at *7 (S.D. Ohio July 12, 2016)).)

The Court finds that it has insufficient information to justify a stay of, or bifurcation of, discovery at this time. Defendants primarily contend that resolution of the coverage dispute may obviate the need to conduct discovery related to Plaintiff's bad faith claim. However, based on the present record, it seems likely that the insurance coverage issues in this case may involve the same discovery relevant to Plaintiff's bad faith claim, distinguishing the instant case from *Tunnell Hill*, 2016 WL 3689100, at *7 (finding appropriate a stay of discovery where bifurcating discovery would "streamline and expedite final adjudication of this action"). Moreover, as discussed above, the assigned District Judge has already denied the request to bifurcate a trial on the bad faith claim. Staying or bifurcating discovery in this case would require duplication of efforts. The Court therefore finds that a stay of discovery or bifurcating discovery could prejudice Plaintiff in having to revisit discovery.[2] Conversely, Defendants have not demonstrated, or even argued, that discovery will prejudice them. *Excel Direct, Inc.*, 2017 WL 127480, at *2; *Woods* 2010 WL 1032018, at *3.

For these reasons, Defendants' request to stay discovery (ECF No. 32) is **DENIED**.

**IT IS SO ORDERED.**

Date: October 19, 2017         /s/ *Elizabeth A. Preston Deavers*
                              ELIZABETH A. PRESTON DEAVERS
                              UNITED STATES MAGISTRATE JUDGE

---

[2] In so finding, the Court expresses no opinion of the merits of Plaintiff's discovery requests or Defendants' responses thereto.