IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MUKESH R. SHAH, M.D.,**

    **Plaintiff,**

                                                 Case No. 2:16-cv-1124
                                                 Judge George C. Smith
    v.                                           Magistrate Judge Elizabeth P. Deavers

**METROPOLITAN LIFE INSURANCE
COMPANY**, *et al.*,

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel for an *In Camera* Inspection of Documents (ECF No. 35) and Defendant The Paul Revere Life Insurance Company's ("Paul Revere") Response to Plaintiff's Motion to Compel (ECF No. 40). No reply has been filed. For the reasons that follow, Plaintiff's Motion is **GRANTED**.

**I.**

In 1991, New England Mutual Life Insurance Company ("New England Mutual") issued an individual policy of disability income insurance to Plaintiff ("the Policy"). (Amended Complaint, ¶ 5, ECF No. 13 ("Am. Compl.").) Defendant, Metropolitan Life Insurance Company ("Met Life"), assumed the obligations under the terms of the Policy. (*Id*. at ¶ 6.)[1] After Plaintiff's claim for total disability was approved for cervical spine neuropathy and shoulder pain, Defendants classified his condition as a "sickness" rather than an "injury," a

---

[1] Paul Revere had an agreement with New England Mutual and then with Met Life, under which Paul Revere agreed to provide certain services on individual disability income policies issued by New England Mutual, including the administration of claims. (*Id*. at ¶ 7.)

classification which significantly decreased the monthly benefits Plaintiff would be due. (*Id*. at ¶¶ 9–24.) Thereafter, Plaintiff filed the instant action, alleging that Defendants wrongfully determined that Plaintiff's disability was due to sickness in order to avoid paying Plaintiff the maximum monthly amount and asserting claims for breach of contract, declaratory judgment, and bad faith. (ECF No. 13.)

Plaintiff has requested all documents from Defendants "that address the methods and means of determining whether Plaintiff suffered a sickness versus an injury[.]" (ECF No. 35 at 2.) In response to Plaintiff's discovery request, Defendants produced a privilege log that reflects that Defendants withheld certain claim notes with the following Bates stamp numbers on the bases of the attorney-client privilege and the attorney work product doctrine:

> TNE/MET-CL-IDI-NL9273410-002605 through
> TNE/MET-CL-IDI-NL9273410-002606
>
> TNE/MET-CL-IDI-NL9273410-004321
>
> TNE/MET-CL-IDI-NL9273410-004378
>
> TNE/MET-CL-IDI-NL9273410-004403
>
> TNE/MET-CL-IDI-NL9273410-004434
>
> TNE/MET-CL-IDI-NL9273410-004597

(collectively, "the claim notes") (*Id*.) Plaintiff therefore seeks an order directing the Defendants to produce the claim notes for an *in camera* inspection. (*Id*. at 2–5.)

In response, Defendants represent that Plaintiff never attempted to resolve this issue extrajudicially, in violation of the Court's Local Rules. (ECF No. 40 at 2 (citing S.D. Ohio Civ. R. 37.1").) Defendants, however, have agreed to provide "certain documents legitimately withheld on the basis of attorney-client privilege and the work-product doctrine to the Court for

an *in camera* inspection" in order to avoid a discovery dispute and to conserve judicial resources. (ECF No. 40 at 1.)

**II.**

Federal Rule of Civil Procedure 37 states that a party moving for an order compelling disclosure or discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a); *see also* S.D. Ohio Civ. R. 37.1 ("[M]otions . . . relating to discovery shall not be filed in this Court . . . unless counsel have first exhausted among themselves all extrajudicial means for resolving the differences.").

Here, Plaintiff fails to provide the required certification and failed to exhaust extrajudicial efforts before filing his Motion. Nevertheless, based on the facts in and posture of this particular case, the Court will address the merits of Plaintiff's Motion to Compel. The parties, however, are **ADVISED** that they must comply with Rule 37 and Local Rule 37.1 in all future filings.

**III.**

"Before the movant is entitled to an *in camera* inspection of documents, he must show a reasonable probability that they contain relevant evidence." *Ridenour v. Collins*, 692 F. Supp. 2d 827, 831 (S.D. Ohio 2010). As the party seeking an *in camera* inspection, Plaintiff must also "must make a factual showing adequate to support a good faith belief that the review will uncover unprivileged documents." *Konica Minolta Bus. Solutions, USA, Inc. v. Allied Office Prods., Inc.*, No. 2:06–cv–71, 2010 WL 1741336 at *2 (S.D. Ohio Apr. 29, 2010) (citing *United States v. Zolin*, 491 U.S. 554, 572 (1989)). An "*in camera* inspection . . . is a smaller intrusion upon the confidentiality of the attorney-client relationship than is public disclosure." *Zolin*, 491

3

U.S. at 572 (internal quotes and citations omitted). The evidentiary showing necessary to support an *in camera* review "need not be a stringent one." *Id*.

In this case, Plaintiff seeks *in camera* inspection of claim notes, which relate to the "methods and means of determining whether Plaintiff suffered a sickness versus an injury, a determination that cost Plaintiff and saved Defendants millions of dollars." (ECF No. 35 at 2.) Plaintiff therefore contends that he has made a prima facie showing of bad faith by Defendants that placed their interests before Plaintiff's interest by improperly determining Plaintiff's disability was a result of a sickness instead of an injury. (*Id*. at 3–4.) Plaintiff also cites to authority supporting his position that the communications between an attorney and client may be subject to an *in camera* inspection. (*Id.*)

Plaintiff's arguments are well taken. The Court is persuaded that this record, which includes Defendants' willingness to provide privileged documents for inspection, satisfies Plaintiff's burden of showing an *in camera* inspection is warranted. *See Ridenour*, 692 F. Supp. at 831; *Konica Minolta*, 2010 WL 1741336 at *2; *Zolin*, 491 U.S. at 572. Accordingly, Plaintiff's Motion to Compel for an *In Camera* Inspection of Documents (ECF No. 35) is **GRANTED**. Defendants are **ORDERED** to submit for *in camera* review **WITHIN SEVEN (7) DAYS** the claim notes identified in Defendants' privilege log.

**IT IS SO ORDERED.**

Date: October 19, 2017 /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE