IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MUKESH R. SHAH, M.D.,**

    **Plaintiff,**

                                          Case No. 2:16-cv-1124
                                          Judge George C. Smith
    **v.**                                      Magistrate Judge Elizabeth P. Deavers

**METROPOLITAN LIFE INSURANCE
COMPANY,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for *in camera* review of seven documents previously withheld from production by Defendants. (ECF No. 42.) For the reasons that follow, Plaintiff's request to produce these documents is **GRANTED**.

**I.**

Plaintiff, an interventional cardiologist, has an individual policy of disability income insurance that obligates Defendants to pay to Plaintiff benefits for loss due to "injury" or "sickness" until Plaintiff reaches the age of 65 ("the Policy"). (Amended Complaint, ¶¶ 5, 6, 9–10, ECF No. 13 ("Am. Compl.").) Subject to certain terms and conditions, the rider under the Policy obligates Defendants to pay a maximum monthly amount due to "injury," but requires Defendants to pay Plaintiff only "a fraction" of that amount if Plaintiff's disability is due to "sickness." (*Id*. at ¶¶ 11, 21.)

On or around September 12, 2013, Plaintiff became disabled due to pain in his shoulders and cervical spine. (*Id*. at ¶¶ 16–17.) Thereafter, Plaintiff gave notice of his condition and claim

under the Policy. (*Id*. at ¶¶ 18–19.) On June 5, 2014, Defendants notified Plaintiff that his claim for Total Disability Benefits was approved due to cervical spine neuropathy and shoulder pain. (*Id*. at ¶ 20.) On December 1, 2014, Defendants notified Plaintiff that they classified his condition as a "sickness" rather than an "injury," significantly decreasing the monthly benefits Plaintiff was to receive. (*Id.* at ¶¶ 21–23.) After Plaintiff requested a review of that decision by an Appeals Specialist, Defendants notified Plaintiff on May 6, 2015, that the decision that his condition was due to a sickness was correct. (*Id*. at ¶ 24.)

On September 12, 2016, Plaintiff filed this action for declaratory judgment, breach of contract and bad faith in the Court of Common Pleas for Franklin County, Ohio. (ECF No. 1.) The Defendants subsequently removed the case to this Court on the basis of diversity jurisdiction. (*Id*. at ¶ 3.) On August 2, 2017, the Court denied Defendants' Motion to Bifurcate Plaintiff's bad faith claim for trial and for discovery purposes. (ECF Nos. 34 and 41.)

Plaintiff has requested all documents from Defendants that address the methods and means of determining whether Plaintiff suffered a sickness versus an injury. (ECF No. 42 at 2.) In response to Plaintiff's discovery request, Defendants produced a privilege log that reflects that Defendants withheld certain documents with the following Bates stamp numbers on the bases of the attorney-client privilege and the attorney work product doctrine:

> TNE/MET-CL-IDI-NL9273410-002605 through
> TNE/MET-CL-IDI-NL9273410-002606
>
> TNE/MET-CL-IDI-NL9273410-004321
>
> TNE/MET-CL-IDI-NL9273410-004378
>
> TNE/MET-CL-IDI-NL9273410-004403
>
> TNE/MET-CL-IDI-NL9273410-004434
>
> TNE/MET-CL-IDI-NL9273410-004597

2

(collectively, "the claim notes") (*Id.*)  Plaintiff takes the position that even if the claims notes are privileged, Defendants must produce them under an exception that applies to bad faith claims. (ECF No. 35 at 4–5) (citing *Boone v. Vanliner Ins. Co.*, 91 Ohio St.3d 209 (2001)).

On October 19, 2017, the Court granted Plaintiff's Motion to Compel for an *In Camera* Inspection of Documents and ordered Defendants to submit for *in camera* review the claim notes identified in Defendants' privilege log.  (*Id.*)  Defendants have submitted the claim notes, which the Court now has reviewed.

## II.

### A. Attorney-Client Privilege

"In a diversity case, the court applies federal law to resolve work product claims and state law to resolve attorney-client claims." *In re Powerhouse Licensing, LLC*, 441 F.3d 467, 472 (6th Cir. 2006).  Accordingly, the Court looks to Ohio law in determining the applicability of the attorney-client privilege.  *Id.*; *Irth Sol., LLC v. Windstream Commc'ns LLC*, 2:16-cv-219, 2017 WL 3276021, at *5 (S.D. Ohio Aug. 2, 2017).  The attorney-client privilege aims to encourage candid communication between attorneys and their clients and therefore "protects against any dissemination of information obtained in the confidential relationship." *MA Equip. Leasing I, L.L.C. v. Tilton*, 10th Dist. Nos. 12AP–564, 12AP–586, 2012-Ohio-4668, ¶ 19 (Oct. 9, 2012)).

> Under the privilege, "(1) [w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived."

*Id*. at ¶ 20 (quoting *State ex rel. Leslie v. Ohio Hous. Fin. Agency*, 105 Ohio St.3d 261, 2005-Ohio-1508, ¶ 18 (2005) (internal quotation marks and citation omitted)).

However, the Ohio Supreme Court has created an exception to Ohio's attorney-client privilege for claims file materials in actions alleging bad faith denial of insurance coverage:

> [W]e hold that in an action alleging bad faith denial of insurance coverage, the insured is entitled to discover claims file materials containing attorney-client communications related to the issue of coverage that were created prior to the denial of coverage. At that stage of the claims handling, the claims file materials will not contain work product, *i.e.*, things prepared in anticipation of litigation, because at that point it has not yet been determined whether coverage exists.

*Boone*, 91 Ohio St.3d at 213–14. The *Boone* court concluded that documents "created prior to the denial of coverage" that "contain information related to the bad faith claim" are "unworthy of protection." *Id*. at 213; *see also Unklesbay v. Fenwick*, 167 Ohio App.3d 408, 415 (Ohio Ct. App. 2006) (relying upon *Boone* to conclude that "claims-file materials showing an insurer's lack of good faith in processing, evaluating, or refusing to pay a claim are unworthy of the protection afforded by the attorney-client or work-product privilege"). Moreover, "'[a]n outright denial of a claim is not required in order to obtain discovery under *Boone*.'" *Chubb Custom Ins. Co. v. Grange Mut. Cas. Co.*, No. 2:07–CV–1285, 2012 WL 1340369, at *4 (S.D. Ohio Apr. 17, 2012) (quoting *In re Prof'ls Direct Ins. Co.*, 578 F.3d 432, 442 (6th Cir. 2009)); *see also William Powell Co. v. Nat'l Indemnity Co.*, No. 1:14-cv-807, 2017 WL 3422070, at *2 (S.D. Ohio Aug. 9, 2017) (noting that "a strong majority [of Ohio courts] are in agreement that *Boone* remains good law because § 2317.02(A)(2) is inapplicable to the production of documents").

Both Ohio courts construing *Boone* and federal courts construing Ohio authority have concluded that courts evaluating the discoverability of otherwise privileged claims file materials must consider whether the documents at issue "may cast light" on whether the insurer acted in bad faith. *See, e.g.*, *id*. at ¶ 22; *Garg v. State Auto. Mut. Ins. Co.*, 155 Ohio App.3d 258, 265 (Ohio Ct. App. 2003); *DeVito v. Grange Mut. Cas. Co.*, 2013–Ohio–3435, ¶ 16 (Ohio Ct. App. 2013); *In re Prof'ls Direct*, 578 F.3d at 442; *Decker v. Chubb Nat'l Ins. Co.* No. 1:15-cv-88,

2015 WL 5954584, at *2 (S.D. Ohio Oct. 14, 2015); *Chubb Custom Ins. Co. v. Grange Mut. Cas. Co.*, No. 2:07-cv-1285, 2012 WL 1340369, at *4 (S.D. Ohio Apr. 17, 2012); *Stafford v. Jewelers Mut. Ins. Co.*, No 3:12-cv-50, 2012 WL 6568325, at *2 (S.D. Ohio Dec. 17, 2012). However, "[t]he *Boone* exception 'does not automatically permit discovery of everything contained in a claims file,' such as documents created after the denial of coverage." *Decker*, 2015 WL 5954584, at *2 (quoting *Zigler v. Allstate Ins. Co.*, No. 1:06-CV-2112, 2007 WL 1087607, at *2 (N.D. Ohio Apr. 9, 2007)).

      B.    **Work Product Doctrine**

In resolving claims regarding the work product doctrine, the Court applies federal law. *In re Powerhouse Licensing*, 441 F.3d at 472. This doctrine prevents "unwarranted inquiries into the files and the mental impressions of an attorney." *Hickman v. Taylor*, 329 U.S. 495, 510 (1947). Accordingly, the work product doctrine "protects an attorney's trial preparation materials from discovery to preserve the integrity of the adversarial process." *In re Powerhouse Licensing*, 441 F.3d at 438. Federal Rule of Civil Procedure 26(b) provides that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative . . . ." Fed. R. Civ. P. 26(b)(3)(A). There are two considerations when determining whether a document was "prepared in anticipation of litigation or for trial": "(1) whether that document was prepared 'because of' a party's subjective anticipation of litigation, as contrasted with ordinary business purpose; and (2) whether that subjective anticipation was objectively reasonable." *In re Prof'ls Direct.*, 578 F.3d at 439 (citing *United States v. Roxworthy*, 457 F.3d 590, 594 (6th Cir. 2006)). Accordingly, "[t]he mere fact that a document was prepared by an attorney does not necessarily lead to the characterization of that document as work product." *Guy v. United Healthcare Corp.*, 154

F.R.D. 172, 181 (S.D. Ohio 1993). This Court has previously discussed the different approaches taken in determining if a document was prepared in anticipation of litigation or trial. *Id*. at 181–82 (noting that "[s]ome courts hold that the possibility of litigation must be 'identifiable because of specific claims that [have] already arisen[]'" and that other courts consider "whether in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation") (internal citations omitted)).

Subject to Rule 26(b)(4) (regarding trial preparation and expert witnesses), work product materials may still be discovered if:

> (i) they are otherwise discoverable under Rule 26(b)(1); and
>
> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Fed. R. Civ. P. 26(b)(3)(A)(i), (ii) (emphasis in original). "Under the Federal Rules, the work product protection under Rule 26(b)(3) is not limited to attorneys, but has been extended to documents and tangible things prepared by or for the party and the party's representative, as long as such documents were prepared in anticipation of litigation." *Decker*, 2015 WL 5954584, at *5 (citing Fed. R. Civ. P. 26(b)(3)(A)). The exception under *Boone* described above also applies to the work product doctrine. *Garg*, 155 Ohio App. 3d at 264 ("[B]oth attorney-client communications and work product materials are subject to disclosure during discovery on bad faith claims.").

## III.

As set forth above, Defendants have withheld certain claim notes on the bases of the attorney-client privilege and the attorney work-product doctrine. Having conducted an *in*

6

*camera* review, the Court considers the documents as follows.

### A. TNE/MET-CL-IDI-NL9273410-002605
###    TNE/MET-CL-IDI-NL9273410-002606

These communications between Pamela Fox and Daniel Flynn are dated April 8, 2014, and April 11, 2014. The communications address the meaning of "total disability" and "residual disability" as well as Plaintiff's disability and work duties. The Court is unable to conclude that these documents constitute work product because there is nothing in the content or context that reflects that these individuals subjectively anticipated litigation or, even if they did, that the subjective anticipation was objectively reasonable. *See In re Prof'ls Direct.*, 578 F.3d at 439. The communications are, however, attorney-client communications. *See MA Equip. Leasing I, L.L.C.*, 2012-Ohio-4668, ¶ 20. Notwithstanding this finding, the documents are discoverable under *Boone* because they relate to the issues of coverage and Defendants' handling of Plaintiff's claim, which "may cast light" on whether Defendants acted in bad faith.[1]

Accordingly, Defendants are **ORDERED** to produce Bates Nos. TNE/MET-CL-IDI-NL9273410-002605 and TNE/MET-CL-IDI-NL9273410-002606 within **SEVEN (7) DAYS** from the date of this Opinion and Order.

### B. TNE/MET-CL-IDI-NL9273410-004321

These communications between Pamela Fox and Daniel Flynn are dated October 23, 2014, and October 31, 2014. The document addresses what can be considered as an accidental bodily injury under Ohio law. Nothing in the content or context reflects that this document was prepared in anticipation of litigation or trial. The Court concludes that

---

[1] Nothing in this Opinion and Order should be construed as an ultimate determination on the merits of Plaintiff's bad faith claim. Rather, this Opinion is limited, by operation of *Boone*, to a determination that the documents "may cast light," either favorably or unfavorably, on the parties' claims and defenses.

the document constitutes attorney-client communication, but is nevertheless discoverable under *Boone* because it "may cast light" on whether Defendants acted in bad faith.

Defendants are therefore **ORDERED** to produce Bates No. TNE/MET-CL-IDI-NL9273410-004321 within **SEVEN (7) DAYS** from the date of this Opinion and Order.

    **C.**    **TNE/MET-CL-IDI-NL9273410-004378**

This communication between Pamela Fox and Daniel Flynn is dated December 18, 2014, and addresses whether or not ERISA governs Plaintiff's claim. For the reasons previously stated as to the earlier documents, the Court cannot conclude that this document constitutes work product. While the communication is an attorney-client communication, it "may cast light" Plaintiff's bad faith claim and is therefore discoverable under *Boone*.

Accordingly, Defendants are **ORDERED** to produce Bates No. TNE/MET-CL-IDI-NL9273410-004378 within **SEVEN (7) DAYS** from the date of this Opinion and Order.

    **D.**    **TNE/MET-CL-IDI-NL9273410-004403**

These communications between Richard Enberg and Nancy Smith are dated April 14, 2015, and April 17, 2015. The document considers what caused Plaintiff's medical condition. Nothing in the content or context of this document persuades the Court that it amounts to work product. Although the document is an attorney-client communication, it is discoverable under *Boone* because it "may cast light" on whether Defendants acted in bad faith.

Defendants are therefore **ORDERED** to produce Bates No. TNE/MET-CL-IDI-NL9273410-004403 within **SEVEN (7) DAYS** from the date of this Opinion and Order.

E. TNE/MET-CL-IDI-NL9273410-004434

These communications between Richard Enberg and Nancy Smith are dated June 1, 2015, and June 26, 2015, and address whether or not ERISA governs Plaintiff's claim. For the reasons previously stated, the Court cannot conclude that this document constitutes work product. While the communication is an attorney-client communication, it "may cast light" on Plaintiff's bad faith claim and is therefore discoverable under *Boone*.

Accordingly, Defendants are **ORDERED** to produce Bates No. TNE/MET-CL-IDI-NL9273410-004434 within **SEVEN (7) DAYS** from the date of this Opinion and Order.

F. TNE/MET-CL-IDI-NL9273410-004597

These communications between Daniel Flynn and David Claprood are dated June 1, 2015, and June 26, 2015. The document simply reflects that Mr. Flynn forwarded the summons and Complaint in this action to Defendants' Litigation Department. The content of this communication does not persuade this Court that the document constitutes work product or an attorney-client communication. *See Guy*, 154 F.R.D. at 181. The document is therefore discoverable.

Defendants are therefore **ORDERED** to produce Bates No. TNE/MET-CL-IDI-NL9273410-004597 within **SEVEN (7) DAYS** from the date of this Opinion and Order.

**IV.**

Accordingly, Plaintiff's request to produce these claims notes is **GRANTED** consistent with the foregoing.

**IT IS SO ORDERED.**

Date: November 27, 2017                    /s/ *Elizabeth A. Preston Deavers*
                                         ELIZABETH A. PRESTON DEAVERS
                                         UNITED STATES MAGISTRATE JUDGE